UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00512-MOC-DSC

| | |
|---|---|
| **WILLIS BECKWORTH, et al.,** )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>**MARCEL O. BIZIER,** )<br>Defendant(s). ) | ORDER AFFIRMING M&R |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed and all parties are represented by counsel.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.[1]

## ORDER

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Dismiss (#11) is **GRANTED,** the Memorandum and Recommendation (#14) is **AFFIRMED,** and this action is **DISMISSED with prejudice**.

Signed: January 25, 2013

Max O. Cogburn Jr.
United States District Judge

---

[1] As the Motion to Dismiss incorporated both Rule 12(b)(1) and 12(b)(6), and the magistrate judge recommended dismissal of all claims with prejudice, the court determines that such dismissal is a Rule 12(b)(6) dismissal, as a Rule 12(b)(1) dismissal would be without prejudice. Rule 41(b), Fed.R.Civ.P., provides in relevant part that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . except one for lack of jurisdiction . . . operates as an adjudication on the merits." As other courts have found, [d]ismissal for lack of subject matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Revere v. Wilmington Finance, 406 Fed.Appx. 936, 937 (6th Cir. 2011); Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir.2005).